# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RENEE GABET, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Cause No. 1:22-CV-35-HAB |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Ships that pass in the night, and speak each other in passing,
Only a signal shown and a distant voice in the darkness;
So on the ocean of life we pass and speak one another,
Only a look and a voice, then darkness again and a silence.

- Henry Wadsworth Longfellow

There are cases in which all that is shared in the parties' briefs is the caption. The most mundane facts are passionately disputed. Unfavorable facts are misrepresentations. Unfavorable case law is not just distinguishable, it is irrelevant and misleading. Differing interpretations of evidence are absurd. Every action of opposing counsel is performed with malice.

These cases tax the Court needlessly. Rather than address the salient legal issues, the Court must check and re-check threshold factual matters and blackletter law. Motions cannot be decided before evidentiary objections, and objections to those objections, are resolved. The Court functions less as an adjudicative body and more as a schoolmarm.

This, unfortunately, looks to be one of those cases. These parties are regular combatants; this is the third lawsuit between the sides dealing with alleged trademark infringement. The first two cases were filed in the United States District Court for the Southern District of Indiana.

Plaintiffs did not have the best of times on their southern journeys; their counsel was repeatedly chided by magistrate and district judge alike and fined $130,000.00 for discovery abuses.

Perhaps it is no surprise, then, that the third suit was filed in the Northern District. This decision was either mandated by the venue rules or a blatant exercise in forum-shopping, depending on which party you ask. And so, because of this disagreement, the Court finds itself with a ripe Motion to Transfer Venue (ECF No. 20) filed by Defendant. Because the Court finds that Plaintiffs have engaged in forum-shopping, the motion will be granted.

**I.      Motion to Strike**

Remember those evidentiary objections mentioned three paragraphs ago? We got 'em here! More than a month after the motion to transfer was fully briefed, Plaintiffs moved to strike Defendant's reply. (*See* ECF No. 37). Plaintiffs argue that Defendant's reply contains "new arguments and allegations that were waived by withholding them from its original *Motion to Transfer Case*." (*Id*. at 1) (original emphasis). Defendant, of course, disagrees with this characterization. The motion to strike is now fully briefed.[1]

It is well settled law in this Circuit that arguments raised for the first time in a reply brief are waived. *Wolotka v. School Town of Munster*, 399 F. Supp. 2d 885, 901 (N.D. Ind. 2005). This is an "elementary briefing rule, which applies both when a party fails to raise or support adequately an argument in briefing any motion at the trial or appellate level." *Id*. This prohibition against newly raised material applies to facts, too. *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). That said, when a "new argument" is presented in response to an argument in the response

---

[1] But not before Plaintiffs moved for an extension of time to file a reply in support of their motion to strike (ECF No. 39), which drew a response (ECF No. 40) and a reply (ECF No. 41). Before the Court entered a ruling on the motion for extension, Plaintiffs went ahead and filed the reply. (ECF No. 43). The Court finds that the congestion on Plaintiffs' counsel's calendar constitutes good cause for the requested extension. *See* N.D. Ind. L.R. 7-1(d)(4). The Court will consider Plaintiff's reply in ruling on the motion to strike.

2

brief, the prohibition does not apply. *Central States, Se. and Sw. Areas Pension Fund v. White*, 258 F.3d 636, 639 n.2 (7th Cir. 2001).

Turning to this case, Plaintiffs identify nine arguments or facts that they claim were raised for the first time in Defendant's reply and therefore must be stricken. The Court will address each in turn.

**A.** *Residential Venue*

Plaintiffs first contend that Defendant "argues for the first time that the venue in the Southern District might be proper under 'residential venue' provision of 28 U.S.C. § 1391(b)**(1)**." (ECF No. 37 at 3) (original emphasis) (all sic). This argument is hard to understand. The second paragraph of Defendant's legal argument in their initial brief states:

> Under 28 U.S.C. § 1391(b)(1) venue is proper in any "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." A corporate defendant is deemed to reside in any district where it is "subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Thus, if personal jurisdiction exists over Amazon with respect to this action in the Southern District, proper venue will follow automatically, and the Southern District is a district where this action might have been brought.

(ECF No. 21 at 11). Defendant's brief then cites three cases, including two *filed by Plaintiffs*, where the Southern District exercised jurisdiction over Defendant.

In the face of this quote, Plaintiffs' reply doubles down. Trying to recharacterize Defendant's arguments, Plaintiff writes that Defendant's original argument was "actually that it was a 'resident' in the Southern District merely because 'personal jurisdiction over Amazon exists in the Southern District with respect to [other litigation].'" (ECF No. 43 at 2). That was neither Defendant's argument nor an accurate quotation of Defendant's brief.

The actual quote from Defendant's brief is: "As a result, under *Best Chair* and consistent with plaintiffs' positions in *Annie Oakley I* and *Annie Oakley II*, personal jurisdiction over Amazon

3

exists in the Southern District with respect to *Annie Oakley III* and venue is also proper there." (ECF No. 21 at 12). *Annie Oakley III* is **this case**. (*See id.* at 9). When Plaintiffs removed "*Annie Oakley III*" and replaced it with "[other litigation]", they misrepresented the content of Defendant's brief.[2]

In any event, Defendant raised § 1391(b)(1) as a basis for venue in the Southern District in its opening brief. There is nothing untoward about expounding on that argument in the reply.

**B.**    ***Cruzen's Declaration and Related Sales Data***

Plaintiffs next object to "a new declaration of Amazon's counsel Robert Cruzen." (ECF No. 37). That declaration, attached as Exhibit 1 to Defendant's reply, directly addresses Plaintiffs' claims that Defendant's initial brief "blatantly misrepresent[ed]" certain products as products at issue. (ECF No. 34 at 3). The declaration, then, responds directly to an attack by Plaintiffs on the evidence presented by, and credibility of, Defendant. The declaration need not be stricken.

Central to this objection are Plaintiffs' objections to emails and interrogatories (ECF No. 36-2 and 36-3) provided by Amazon to bolster their sales data. Plaintiffs argue that the information in these documents "is irrelevant; it is not the dates on the specific attachments that are relevant, but underlying facts Amazon claims they show." (ECF No. 43 at 3). But arguing relevance is different from asserting that information is new. And, ultimately, it is up to the Court to determine what evidence is relevant to the parties' dispute. *Harborview Office Center, LLC v. Citizens Ins. Co. of Am.*, 2007 WL 162568, at *1–2 (E.D. Wis. Jan. 17, 2007). The Court will not strike Cruzen's declaration or the attached emails and interrogatory responses.

**C.**    ***Google Map***

---

[2] Perhaps a more serious misrepresentation can be found in Plaintiff's "Facts" section of its motion to strike where it claims that "[t]he only section cited in Amazon's *Brief in Support of its Motion to Transfer* [#21] to support transfer to the Southern District was 28 U.S.C. § 1391(b)(2)." (ECF No. 37 at 2). The Court has scoured Defendant's initial brief and can find no reference to subpart (b)(2), much less an argument premised only on that subpart.

4

Plaintiffs next object to the inclusion in Defendant's reply of a google map (ECF No. 36-4) showing the drive time between Plaintiff Renee Gabet's home and the Southern District of Indiana Courthouse in Indianapolis. (ECF No. 37-3). Thankfully, this objection has been abandoned. (ECF No. 43 at 3–4).

**D.**     *Nixon's Declaration*

Next, Plaintiffs object to a list of nineteen products in a declaration by Theresa Nixon.[3] (ECF No. 37 at 4). It is true that these are new products, allegedly sold by Amazon in the Southern District, that were not included in Defendant's initial brief. But it is also true that the list directly responds to Plaintiffs' assertion that "Amazon has not proffered evidence that *even one* product pictured in the *Complaint* was sold in the Southern District of Indiana before this suit was filed." (ECF No. 34 at 4) (original emphasis). Nixon's declaration, then, responds to Plaintiffs' response and is appropriate.

**E.**     *Argument over Sales to Different Parts of Indiana*

Plaintiffs also argue that the Court should strike Defendant's assertion that Amazon offers products for sale equally in the Northern and Southern Districts of Indiana. (ECF No. 37 at 4). This assertion strikes the Court as an unremarkable observation that the internet is available throughout Indiana. Amazon need not present evidence of this fact, nor could it be said to have "concealed" this fact, any more than if its reply brief said that water is wet. The Court is familiar with the internet, and Amazon's website, and will not strike the nothingburger of a statement that people in northern and southern Indiana are Amazon customers.

**F.**     *Argument over Direct Seller v. Marketplace Provider*

---

[3] Plaintiffs also object to Nixon's declaration if that it seeks to authenticate information presented in Defendant's initial brief. (ECF No. 34 at 4). As Defendant notes, authenticating evidence is a proper use of a reply brief. (ECF No. 38 at 7-8) (collecting cases).

Finally, Plaintiffs object to Defendant's statement in its reply brief that "whether [Amazon] is a direct seller or merely a provider of the amazon.com marketplace for third-party sellers (either can be true depending on the particular sale) has no relevance." (ECF No. 37 at 4). Again, this statement responds to an argument advanced by Plaintiffs in their response. (*See* ECF No. 34 at 4). It need not be stricken.

In sum, none of Plaintiffs' objections to Defendant's reply hold water. The Court will consider the full briefing, Defendant's reply included, in ruling on the motion to transfer venue.

**II.    Motion to Transfer Venue**

In 1948, Congress enacted the federal change of venue statute, codified at 28 U.S.C. § 1404, to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district. Subsection (a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Recognizing that what is convenient for one litigant may not be convenient for the other, the Supreme Court has taught that section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to [a] 'case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *see also In re Joint Eastern & Southern Districts Asbestos Litigation*, 22 F.3d 755, 762 (7th Cir. 1994) (the section 1404 statutory transfer power "was clearly intended to vest in the transferor court more discretion than it had been permitted to exercise under the common law doctrine"). District courts are vested with substantial deference in deciding whether transfer is appropriate. *See Tice v. American Airlines, Inc.*, 162 F.3d 966, 974 (7th Cir. 1998). The statutory language guides the court's evaluation of the circumstances

of each case and is broad enough to allow the court to consider all factors relevant to convenience, the interests of justice, or both. The statute permits a "flexible and individualized analysis" and allows district courts to look beyond a narrow or rigid set of considerations in their determinations. *Stewart*, 487 U.S. at 29.

Defendant moves for transfer under the "interest of justice" portion of § 1404(a). (*See* ECF No. 21 at 12). The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. *See Van Dusen*, 376 U.S. at 626–27. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, *see Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 303 (7th Cir. 1955); each court's relative familiarity with the relevant law, *Van Dusen*, 376 U.S. at 645; the respective desirability of resolving controversies in each locale, *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002); and the relationship of each community to the controversy, *see Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 777 (N.D. Ill. 1998). The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

As Defendant notes, one of the key considerations in evaluating the interest of justice is the avoidance of forum-shopping. *See Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 979 n.2 (7th Cir. 2010); *see also Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 65 (2013) ("§ 1404(a) should not create or multiply opportunities for forum shopping"). And, while a plaintiff's choice of forum is generally afforded substantial weight, that choice is afforded little deference where forum shopping is apparent. *Vital Pharmaceuticals, Inc. v. Monster Energy Co.*, 2020 WL 6162796, at *2 (C.D. Cal. Aug. 27, 2020).

Forum-shopping can "reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there." *Id.*; quoting *LegalForce, Inc. v. Legalzoom.com, Inc.*, 2018 WL 6179319, at *3 (C.D. Cal. Nov. 27, 2018). "Evidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in favor of transfer and would often make the transfer of venue proper." *Id.* (cleaned up); quoting *Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003).

Forum shopping is obvious here. Plaintiffs filed two prior trademark infringement lawsuits in the Southern District naming Amazon as a defendant: *Annie Oakley Enterprises, Inc., et al. v. Amazon.com, Inc.*, No. 1:19-CV-1732-JMS-MJD ("*Annie Oakley I*"), and *Annie Oakley Enterprises, Inc., et al. v. Rise-N-Shine LLC, et al.*, No. 1:20-CV-638-RLY-MG ("*Annie Oakley II*"). *Annie Oakley I* did not go well for Plaintiffs. They were fined $130,000.00 for repeated discovery abuses, a number that stuns the Court. They were prohibited from presenting evidence or argument at trial related to damages for failure to comply with a court order related to discovery. The court issued *eight* motions to compel against Plaintiffs. Judge Magnus-Stinson wrote that Plaintiffs' discovery conduct was "indescribable by words alone," suggesting that "exploding head emojis" would do a better job. *Annie Oakley I*, 2021 WL 2373779, at *18.

*Annie Oakley II* lacks the procedural drama, but Plaintiffs received several adverse rulings on the merits. Plaintiffs' first amended complaint was dismissed, and the court held that the limitations period would be confined to two years. That case, like *Annie Oakley I*, was ultimately settled by the parties.

Given that history, it's not hard to see why Plaintiffs would be reluctant to file another case in the Southern District. The judges there hold Plaintiffs' counsel's litigation tactics in low regard,

so much so that he was fined twice the median American household income and prevented from presenting damage information to a jury. Those same judges appear to question the legal bases for Plaintiffs' claims, ruling repeatedly against them on motions to dismiss and for summary judgment. While there may be no precedent Plaintiffs are trying to avoid, it seems clear, and perhaps even reasonable, that Plaintiffs are trying to avoid the judges of the Southern District. They want a clean slate and, apparently, believe that they will find it here.

Despite the overwhelming evidence to the contrary, Plaintiffs call any forum shopping allegations "blatantly false." (ECF No. 34 at 6). Instead, they assert that this case was filed in the Northern District "because venue simply does not exist in the Southern District." (*Id*.). As a result, they claim, the Southern District is not a district where this case might have been brought under 28 U.S.C. § 1404(a).

Venue in the federal system is governed by 28 U.S.C. § 1391. Relevant here, a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). An entity is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id*. at (c)(2). And where the defendant is a corporation in a state with multiple districts, the corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id*. at (d). The question of venue, then, turns on the question of jurisdiction.

Personal jurisdiction may be either general or specific. General jurisdiction over a defendant exists when the defendant has continuous and systemic business contacts with the state, even where those contacts do not relate to the action at issue. *Tamburo v. Dworkin*, 601 F.3d 693,

700-01 (7th Cir. 2010) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Specific jurisdiction, on the other hand, "exists for controversies that arise out of or are related to the defendant's forum contacts." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (citing *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998)). Defendant is claiming that it is subject to specific jurisdiction in the Southern District, so the Court will analyze the issue under that lens.

"Specific" or "case-linked" jurisdiction requires an affiliation between the forum and the controversy—that is, "an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) Specific jurisdiction arises where an out-of-state, "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotation omitted). "The mere fact that a defendant's conduct affects a plaintiff with connections to the forum State is not sufficient to establish jurisdiction." *Id*. Rather, the out-of-state defendant must purposefully direct its activities at residents of the forum, and the litigation must "arise out of contacts that the 'defendant himself' creates with the forum state." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 396 (7th Cir. 2020) (quoting *Burger King*, 471 U.S. at 475). The defendant's relationship with the plaintiff or a third party, standing alone, cannot create the necessary "minimum contacts." *Walden*, 134 S. Ct. at 1123.

Specific jurisdiction is appropriate when: (1) "the defendant has purposefully directed its activities at the forum state or purposefully availed himself of the privilege of conducting business in that state"; (2) "the alleged injury arises out of the defendant's forum-related activities"; and (3) "[t]he exercise of jurisdiction must also comport with traditional notions of fair play and substantial justice." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citing *Tamburo*, 601 F.3d at 702).

To the extent there is any true dispute over jurisdiction, it is in the second factor. Plaintiffs state that "Amazon has not proffered evidence that *even one* product pictured in the *Complaint* was sold in the Southern District of Indiana before this suit was filed." (ECF No. 34 at 4) (original emphasis). Whatever truth that statement had, Defendant has now identified more than a dozen such products. (ECF No. 36-5 at 3–4). The Southern District has specific jurisdiction over Defendant for this suit. Venue, then, also lies in the Southern District. Plaintiffs' rationale for filing in the Northern District, if it was ever believed, is false.

Because the Court finds obvious forum-shopping, transfer is appropriate regardless of any other considerations. *Vital Pharmaceuticals,* 2020 WL 6162796, at *2. That said, the Court notes that the remaining "interests of justice" factors are neutral. The parties put forward data showing that this case would assuredly be resolved more quickly in one district or the other, calling to mind Mark Twain's quip that "there are three kinds of lies: lies, damned lies, and statistics." Judges in either district can handle a copyright infringement case, and both districts have an interest in, and a connection to, the suit. With neither district more desirable, Plaintiffs' forum shopping tips the scales.

### III.   Conclusion

For these reasons, Plaintiffs' Motion to Strike (ECF No. 37) is DENIED. Plaintiffs' Motion for Extension (ECF No. 39) is GRANTED. Defendant's Motion to Transfer Venue (ECF No. 20) is GRANTED. The clerk is ORDERED to close this case and perform all tasks necessary to transfer venue to the United States District Court for the Southern District of Indiana.

SO ORDERED on September 6, 2022.

                                s/ Holly A. Brady
                                JUDGE HOLLY A. BRADY
                                UNITED STATES DISTRICT COURT